UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| DAWNESE SAHOTA, individually, and as Personal Representative of the ESTATE OF DONALD SAHOTA; | No. 3:25-cv-5054 |
| PLAINTIFF, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| COUNTY OF CLARK; DEPUTY JONATHAN FELLER, individually and as an employee of County of Clark; | |
| DEFENDANTS. | |

## I.     INTRODUCTION

1.1     This is a civil rights and wrongful death action arising from negligence and excessive force by Clark County Sheriff's Office (CCSO) Deputy Jonathan Feller when he shot and killed off-duty police officer Donald Sahota on January 29, 2022.

1.2     Plaintiff alleges negligence and civil rights violations based on negligence, excessive force, CCSO's failure to properly train Deputy Feller, and Clark County's ratification of the shooting and killing.

Complaint
No. 3:25-cv-5054

1

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

1.3    Defendant Feller, acting in his official capacity as a law enforcement officer for Clark County, Washington, deprived plaintiff of her rights, property, liberty, and Officer Sahota's life without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, federal statutes and applicable Washington State laws.

1.4    More specifically, Defendant Feller acted rashly and negligently when he shot off-duty police officer Donald Sahota in the back. Officer Sahota was running toward his own home in pursuit of a suspect. Defendant Feller arrived at the scene and fired his weapon within approximately four seconds of exiting his vehicle. He failed to identify Officer Sahota, failed to identify the suspect, failed to assess the situation, failed to properly prepare his equipment, failed to follow directives, failed to identify himself as a law enforcement officer, failed to give a proper warning before shooting, and failed to properly apply accepted standards for use of deadly force.

1.5    Further, about fifteen months prior to this shooting, Defendant Feller was similarly negligent in firing his weapon before he properly assessed a situation. In both situations, he raced to the action even though he had no assigned role.

1.6    Defendant Feller's actions give definition to the phrase "trigger happy."

## II.    PARTIES

2.1    Defendant COUNTY OF CLARK, a municipal corporation, is a lawfully constituted municipal corporation and body politic of the State of Washington, and at all times material to this action operated CCSO.

Complaint
No. 3:25-cv-5054

2

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

2.2    Defendant JONATHAN FELLER, is, and at all times relevant was, a resident of Washington and employee of CCSO, acting as a lawfully commissioned law enforcement officer under the color of state law.  Deputy Feller is being sued in his individual capacity, personal capacity, and official capacity.

2.3    Plaintiff DAWNESE SAHOTA was the decedent's wife and is the properly appointed Personal Representative of the ESTATE OF DONALD SAHOTA. Dawnese Sahota is a citizen of the United States residing in Battle Ground, Washington.

2.4    Plaintiff brings claims individually and as the Personal Representative of the ESTATE OF DONALD SAHOTA. Plaintiff brings all claims available to her individually and to the ESTATE OF DONALD SAHOTA and all beneficiaries under all federal and state laws.

2.5    DONALD SAHOTA was 52 years old when he was killed by Defendant Feller. He was a resident of Battle Ground, Washington.

## III.    JURISDICTION AND VENUE

3.1    This action is brought pursuant to 42 U.S.C. § 1983, Fourth, and Fourteenth Amendment.

3.2    Jurisdiction is founded on 28 U.S.C. § 1331 and the aforementioned statutory and constitutional provisions.

3.3    This action also includes state law claims arising from the same incident and involving the same parties.

1   3.4    This court can and should exercise supplemental jurisdiction over state

2   claims and other parties under 28 U.S.C. § 1367(a), as the other claims "are so

3   related to claims in the action within such original jurisdiction that they form part

4   of the same case or controversy under Article III of the United States

5   Constitution."

6   3.5    All Defendants were resident in or doing business in County of Clark,

7   Washington, and the Western District of the United States Federal Court for

8   Washington, and are citizens of the United States of America.

9   3.6    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a

10   substantial part of the events and omissions giving rise to the claims asserted

11   herein occurred in County of Clark, Washington, which is in this court's district

12   and division.

13   3.7    The complaint is timely filed within the applicable statute of limitations.

14   RCW 4.16.080. The United States Supreme Court and the Ninth Circuit Court of

15   Appeals have held that 42 U.S.C. § 1983, which does not contain a statute of

16   limitations, adopts the relevant statute of limitations for personal injury actions.

17   *Wilson v. Garcia*, 471 U.S. 261 (1985); *Stanley v. Trustees of California State*

18   *University*, 433 F.3d 1129 (9th Cir. 2006).

19   3.8    Plaintiff properly filed a timely RCW 4.96.020 Tort Claim with Clark

20   County on November 22, 2024. Over sixty days have elapsed since the claim was

21   filed and all substantive and procedural requirements of R.C.W. 4.96.020 have

22   been met.

Complaint
No. 3:25-cv-5054

4

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

# IV.    FACTS

4.1     On January 29, 2022, Donald Sahota was 52 years old. He was married to Dawnese Sahota. Together, they had two children. The family resided in Battle Ground, Washington.

4.2     Donald Sahota had been a police officer with the Vancouver Police Department since 2014.

4.3     Prior to serving with the Vancouver Police Department, he served with the Gresham Police Department.

4.4     As of January 2022, Donald Sahota had a combined 20 years of service in law enforcement.

4.5     He enjoyed time with his family, and outdoor activities, including hiking and fishing.

4.6     He was known by family and friends as a skilled handyman, often working on projects around the home.

4.7     He was active in the community, known for assisting neighbors and participating in local events.

4.8     Officer Sahota was a devoted family man and committed public servant.

4.9     On the evening of January 29, 2022, a robbery occurred at a Chevron gas station in the Orchards area of Clark County, Washington.

4.10    The suspect, later identified as Julio Cesar Segura, fled the scene heading northbound on Interstate 205.

4.11    A description of Segura was relayed via dispatch to all Clark County Sheriff's Office (CCSO) deputies on patrol, including Defendant Feller.

4.12    Deputies disabled Segura's vehicle near Battle Ground, Washington.

4.13    Segura abandoned the vehicle and fled on foot into a rural neighborhood.

4.14    Segura approached the residence of off-duty Vancouver Police Officer Donald Sahota, located at the end of a private road.

4.15    Officer Sahota's wife, Dawnese, called 911 and reported a suspicious individual outside their house.

4.16    Officer Sahota, off duty, exited his house to check on what the suspicious individual – Segura – was doing there.

4.17    Sahota struggled with Segura in Sahota's driveway. The two of them can be seen on aerial video in what appears to be a physical fight.

4.18    Segura broke away from Sahota and ran toward the front door of Sahota's home. Officer Sahota pursued Segura toward the front door.

4.19    Defendant Feller arrived in his CCSO SUV as Officer Sahota was pursuing Segura toward the front door of Sahota's home.

4.20    Officer Sahota did not match the physical description of Segura that had been relayed via dispatch.

4.21    Officer Sahota was not wearing the same clothes as Segura.

4.22    Before Defendant Feller shot Officer Sahota, Defendant Feller neither asked dispatch for, nor received, any description of the off-duty officer and homeowner.

ANGUS LEE LAW FIRM, PLLC          MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200               100 South 9th Street
Longview, WA 98665                        Tacoma, WA 98402
T: 360-635-6464                          T: 206.333.0773

4.23   Within approximately four seconds of stopping his SUV, and without identifying himself as a law enforcement officer, and without issuing a warning, Defendant Feller fired at least four rounds from his Smith & Wesson model M&P-15 .223 Remington caliber semi-automatic rifle.

4.24   Defendant Feller fired his rifle toward Sahota's back as Sahota was running away from Defendant Feller and toward his own home.

4.25   At the time Defendant Feller shot and killed Officer Sahota, Feller provided no opportunity for Officer Sahota to identify himself.

4.26   At least three of the bullets fired by Defendant Feller struck Officer Sahota.

4.27   Officer Sahota sustained multiple gunshot injuries, including two to his right back.

4.28   At the time Defendant Feller fired his rifle, he had failed to identify Officer Sahota, failed to identify the suspect, failed to assess the situation, failed to properly prepare his equipment, failed to follow directives, failed to identify himself as a law enforcement officer, failed to give a proper warning before shooting, and failed to properly apply accepted standards for use of deadly force.

4.29   Defendant Feller's rifle was equipped with a holographic sighting optic designed for improved aim. Defendant Feller, however, had the optic improperly set for daytime mode while patrolling at night.

4.30   In part due to his failure to properly set his optic on night setting, the overly bright red holographic reticle, intended for daylight conditions, obscured

Complaint
No. 3:25-cv-5054

7     ANGUS LEE LAW FIRM, PLLC     MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200     100 South 9th Street
Longview, WA 98665     Tacoma, WA 98402
T: 360-635-6464     T: 206.333.0773

1   Defendant Feller's vision of the target in the low-light environment of night. This

2   impaired his ability to properly see and assess the situation.

3   4.31   At the time Defendant Feller shot his rifle at Officer Sahota's back, Officer

4   Sahota had committed no crime.

5   4.32   At the time Defendant Feller shot Officer Sahota, Sahota was not under

6   arrest.

7   4.33   At the time Defendant Feller shot Officer Sahota, the force Feller wrongly

8   applied was deadly and intended to be deadly.

9   4.34   At the time Defendant Feller shot and killed Officer Sahota, Feller made no

10  effort to temper or limit the amount of force used.

11  4.35   At the time Defendant Feller shot and killed Officer Sahota, there were no

12  innocent lives at risk from Sahota.

13  4.36   Prior to shooting at Officer Sahota, a reasonable officer would have issued

14  warnings.

15  4.37   Prior to shooting at Officer Sahota, a reasonable officer would have

16  confirmed the identity of the person he was targeting.

17  4.38   Under these facts, no reasonable officer would stop his SUV and within four

18  seconds fire his rifle at the back of an unknown person who presented no

19  immediate or identifiable threat.

20  4.39   Defendant Feller relied on guesswork when deciding to shoot someone in

21  the back with his rifle.

Complaint
No. 3:25-cv-5054

8

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

4.40   As a result of the force used by Defendant Feller, Sahota fell immediately to the ground and, after a period of suffering and agony, died from his injuries.

4.41   The Lower Columbia Major Crimes Team conducted an investigation into the incident.

4.42   On February 6, 2022, Defendant Jonathan Feller was interviewed regarding the shooting incident by Detective Craig Christianson and Sergeant Kevin Tate. Defendant Feller's attorney, Mike Staropoli, was present during the interview.

4.43   Defendant Feller stated that his assigned geographic area for calls was in Hazel Dell, some distance from the incident location. He admitted leaving his designated beat to insert himself into the action.

4.44   Defendant Feller admitted his initial role at the scene was self-directed.

4.45   Defendant Feller admitted that before arriving at the scene, he was "psyching" himself up.

4.46   Defendant Feller admitted that during the incident, updates were coming over the radio, including confirmation that the SWAT leader, Tyler Trenton, had been contacted and SWAT was being paged.

4.47   Defendant Feller admitted hearing Sergeant Bieber over the radio when the Sergeant said, "Our job is to contain this. SWAT's gonna come in with the dog, and that's what we're gonna do." Despite this directive, Feller deviated from the instruction to focus solely on containment.

4.48    Defendant Feller admitted that dispatch announced they received a phone call from the house, identifying it as the home of an off-duty law enforcement officer and confirming they were in communication with the occupants.

4.49    Defendant Feller admitted "Dispatch said that the law enforcement officer - the off-duty law enforcement officer had armed himself. Um, and that, uh, he's tryin' to take him into custody."

4.50    Defendant Feller admitted being aware that additional resources, including tactical units from SWAT, were on their way to assist.

4.51    Defendant Feller admitted he did not wait for the better-trained and better-equipped units to arrive.

4.52    Defendant Feller admitted that, based on the last update he received before shooting, he knew the off-duty law enforcement officer was the one who had armed himself and was actively trying to take the suspect into custody.

4.53    Defendant Feller admitted he could not see the front of the house or any activity occurring there until just before he arrived in his CCSO SUV.

4.54    Defendant Feller admitted that his siren was initially activated but was turned off as he neared Sahota's house.

4.55    Defendant Feller admitted that he was never in fear for his own life during the incident.

4.56    Defendant Feller admitted he had no idea how many people were inside the house.

4.57    Defendant Feller admitted he did not hear any gunfire prior to shooting.

Complaint
No. 3:25-cv-5054

10    ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

4.58   Defendant Feller admitted he gave no verbal warning that he would shoot or any instruction for Officer Sahota to drop the gun.

4.59   Defendant Feller admitted he did not identify himself as law enforcement before shooting.

4.60   Defendant Feller admitted that as he saw Sahota run toward the front door, he fired his rifle multiple times while looking through his optic and aiming center mass.

4.61   Defendant Feller admitted that immediately after shooting at Sahota, he saw Sahota "step away from the door, and back up to the wall, and slide down."

4.62   Defendant Feller admitted that just moments after shooting Sahota, "two hands came out of the front door. Then, eventually, a whole body. It was another male. And somebody - I don't know who - yelled, 'That's the suspect.' That - something to that effect. 'That's the suspect.' And then I realized that I hadn't shot the suspect. I had shot the homeowner, who was a off-duty law enforcement officer." He said, "I don't remember much after that."

4.63   Shortly after shooting Sahota, Feller was heard by Deputy Nic Siem yelling "Fuck, fuck, fuck, fuck."

4.64   The Clark County Medical Examiner's Office determined that Sahota died from gunshot wounds inflicted by Defendant Feller.

4.65   On information and belief, the Clark County Medical Examiner's Office determined that the gunshot wounds sustained by Sahota hit him in the back and traveled from back to front.

1  4.66  The autopsy confirmed that the manner of Sahota's death was homicide.

2  4.67  The actions of Defendant Feller, as described above, were excessive,

3  unreasonable, negligent, dangerous violations of generally accepted police

4  standards.

5  4.68  The actions of Defendant Feller imposed substantial harm on Officer

6  Sahota before, during, and after Defendant Feller shot him.

7  4.69  At all times during the above-described incident, Defendant Feller was

8  acting in the scope of his employment with Clark County and under color of law.

9  4.70  County of Clark is liable for these actions by Defendant Feller, which

10  resulted in the death of Officer Sahota.

11  4.71  Sheriff Chuck Atkins, as the Sheriff of Clark County at the time of the

12  shooting, held the authority to ratify, sanction, or correct the actions of Defendant

13  Feller in his negligent tactics and use of force against Officer Sahota.

14  4.72  Following the incident, the Clark County Sheriff's Office conducted an

15  administrative review of the killing of Officer Sahota.

16  4.73  On information and belief, Sheriff Atkins reviewed the final internal

17  administrative report and took no action to discipline or retrain Defendant Feller.

18  4.74  Sheriff Atkins had final policymaking authority for the Clark County

19  Sheriff's Office concerning the actions of Defendant Feller.

20  4.75  Sheriff Atkins was made aware that Defendant Feller created the danger

21  to Officer Sahota through his negligence, which directly caused Sahota's death.

Complaint
No. 3:25-cv-5054

12  ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Longview, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

1    4.76   Sheriff Atkins made a deliberate choice to approve the acts of Defendant

2    Feller and the rationale behind those acts.

3    4.77   Sheriff Atkins ratified the actions of Defendant Feller.

4    4.78   Clark County's failure to take corrective action demonstrates a deliberate

5    indifference to the risk of constitutional violations and harm resulting from its

6    policies and practices.

7    4.79   In fact, the shooting of Officer Sahota by Defendant Feller was not the first

8    time Feller hastily and negligently shot at an individual who was running away.

9    4.80   Prior to the incident where Defendant Feller shot Officer Sahota, Feller

10   shot and killed another individual without properly assessing the situation.

11   4.81   In that prior incident, the individual was running away from other police

12   officers. Feller had very little information about the situation.

13   4.82   Feller drove onto the scene, quickly exited his vehicle, and almost

14   immediately began firing, similar to his actions in the present case.

15   4.83   The Clark County Sheriff's Office reviewed the previous shooting, ratified

16   Feller's use of excessive force, and failed to discipline or retrain him.

17   4.84   Clark County's lack of corrective action allowed Defendant Feller to again

18   make a hasty and unjustified decision to use lethal force.

19   4.85   Office Sahota would likely be alive but for Clark County's failure to

20   discipline or retrain Defendant Feller after the previous shooting.

21   4.86   Defendant Feller's previous shooting was also ratified by Sheriff Atkins.

Complaint
No. 3:25-cv-5054

13    ANGUS LEE LAW FIRM, PLLC     MARK LINDQUIST LAW, PLLC
      9105A NE Hwy 99, Suite 200          100 South 9th Street
          Longview, WA 98665                Tacoma, WA 98402
            T: 360-635-6464                  T: 206.333.0773

4.87   As a direct and foreseeable result of Defendants' actions, Officer Sahota lost his life. Plaintiff, Officer Sahota, his family, and his estate have suffered compensable damages, with the full extent to be determined at trial.

4.88   On November 22, 2204, a notice of Tort Claim, as required under RCW 4.96 et. seq., was mailed, emailed, and faxed to Clark County.

4.89   The notice of claim was received by the County of Clark on November 22, 2204.

4.90    Sixty or more days have elapsed between the filing of the claim and the filing of this complaint.

4.91   All legal requirements for the filing of this claim have been met.

## V.    FIRST CAUSE OF ACTION
## NEGLIGENCE
### (State Law)

5.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

5.2   On the date that Defendant Feller shot and killed Officer Sahota, he was acting as an agent of the County of Clark and within the scope of his employment with the County of Clark.

5.3   County of Clark and its agents, including Defendant Feller, owe a duty of reasonable care to persons with whom he interacts.

5.4   Defendant Feller has a duty of reasonable care to refrain from inflicting or causing unnecessary harm on others under general notions of negligence and the common law.

5.5    The County of Clark and Defendant Feller owed such a duty to Officer Sahota.

5.6    Defendant Feller breached that duty.

5.7    Defendants' breach of duty proximately caused Officer Sahota's injuries and death, as described above.

5.8    County of Clark is responsible for the acts of its agent and employees, including Defendant Feller.

5.9    The County of Clark, along with Defendant Feller, is therefore liable for Officer Sahota's injuries and death.

5.10    As a result of the acts of Defendants, Officer Sahota suffered injury to body and mind, significant pain, emotional distress, disfigurement, disability, and death.

5.11    Plaintiff is therefore entitled to recover damages in the amount to be proven at trial.

## VI.    SECOND CAUSE OF ACTION
### EXCESSIVE FORCE
#### (4th Amendment and 42 U.S.C. § 1983)

6.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

6.2    Defendant Feller used excessive force when he killed Officer Sahota.

6.3    As described in the preceding paragraphs, the conduct of Defendant Feller toward Officer Sahota constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

Complaint
No. 3:25-cv-5054
15
ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464
MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

6.4    The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of Officer Sahota.

6.5    The right to be free from excessive force by state actors was well known to Defendant Feller and was clearly established at the time of these acts and events. Qualified immunity defenses are not available to the Defendant here.

6.6    As a proximate result of Defendant Feller's violation of the Officer Sahota's constitutional rights, Plaintiff suffered and will continue to suffer damages in the amount to be proven at trial.

6.7    The conduct of Defendant Feller also subjects him to punitive damages in an amount to be proven at trial.

## VII.   THIRD CAUSE OF ACTION
## DEPRIVATION OF FAMILIAL RELATIONSHIPS
## SUBSTANTIVE DUE PROCESS
### (Due Process 14th Amendment and 42 U.S.C. § 1983 *et seq.*)

7.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

7.2    Defendant Feller acted under color of state law. Defendant exercised his authority as a Clark County Sheriff's Office deputy, responding to a call and controlling the actions and decisions at the scene. This authority, derived from his official position, enabled him to take the acts that resulted in the death of Officer Sahota.

7.3    Plaintiff has a constitutionally protected interest to be free from the deprivation of a familial relationship without due process.

7.4    As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including emotional distress and loss of companionship, in an amount to be determined at trial.

7.5    The conduct of Defendant Feller also subjects him to punitive damages in an amount to be proven at trial.

## VIII.  FOURTH CAUSE OF ACTION
## MONELL CLAIM - RATIFICATION
### (42 U.S.C. § 1983 *et seq.*)

8.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

8.2    Defendant Feller acted under color of state law.

8.3    The actions of Defendant Feller deprived Officer Sahota of his particular rights under the laws of the United States, and the United States Constitution.

8.4    CCSO Sheriff Atkins acted under color of state law.

8.5    Sheriff Atkins had final policymaking authority from defendant Clark County Sheriff's Office concerning the acts of Defendant Feller.

8.6    Sheriff Atkins ratified Defendant Feller's acts. Atkins knew of and specifically made a deliberate choice to approve Defendant Feller's acts and the basis for them.

Complaint
No. 3:25-cv-5054

17

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Longview, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

8.7    As a result of Sheriff Atkin's ratification, the County of Clark is liable for the violation of Officer Sahota's constitutional rights, which caused Plaintiffs to suffer damages that will be made more certain at trial.

## IX.    FIFTH CAUSE OF ACTION
## MONELL CLAIM - FAILURE TO TRAIN
### (42 U.S.C. § 1983 *et seq.*)

9.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

9.1    Defendant Feller acted under color of state law.

9.2    The actions of Defendant Feller, deprived Officer Sahota of rights under the laws of the United States, and the United States Constitution.

9.3    The training, practices, or policies of the Clark County Sheriff's Office were not adequate to prevent violations of law by its employees.

9.4    The defendant Clark County was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees, including known or foreseeable consequences of its failure to adequately train its deputies.

9.5    The failure of the defendant Clark County to prevent violations of law by its employees, or to provide adequate training, caused the deprivation of the plaintiff's rights. Defendant's failure to prevent violations of law by its employees, or to train, played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

9.6     The County of Clark has therefore violated Officer Sahota's constitutional rights causing Plaintiff to suffer damages in an amount to be proven at trial.

## X.     DAMAGES AND PRAYER FOR RELIEF

10.1   For judgment against each of the Defendants, jointly and severally, for monetary special damages in an amount to be determined at trial;

10.2   For judgment against each of the Defendants, jointly and severally, for damages in the form of non-economic loss, personal injuries, emotional distress, embarrassment, loss of reputation, loss of enjoyment of life, in an amount presently unknown and to be made more certain at the time of trial, as well as incurring attorney fees and other losses;

10.3   For judgment against each of the Defendants, jointly and severally, for general compensatory damages in an amount to be determined at trial;

10.4   For judgment against Defendant Feller for punitive damages in an amount to be determined at trial;

10.5   For attorney fees and costs authorized by statute, including reasonable attorney's fees pursuant to 42 U.S.C. §1988 and RCW 4.84.010;

10.6   And Plaintiff prays for damages as previously noted, together with other equitable relief, costs of this action, attorneys' fees, prejudgment interest on any lost wages or liquidated sums, punitive damages and any other relief as the Court deems equitable and just.

//

//

1

# XI.   JURY DEMAND

2

11.1   Plaintiff is entitled to and hereby demands trial by a jury.

3

DATED: Wednesday, January 22, 2025.

ANGUS LEE LAW FIRM, PLLC          MARK LINDQUIST LAW, PLLC

*/s/ D. Angus Lee*                       */s/ Mark Lindquist*
D. Angus Lee, WSBA #36473          Mark Lindquist, WSBA #25076
Attorneys for Plaintiffs               Attorney for Plaintiffs
9105A NE HWY 99, Suite 200         100 South 9th Street
Longview, WA 98665                   Tacoma, WA 98402
P: 360.635.6464 F: 888.509.8268    P: 206.333.0773
Angus@AngusLeeLaw.com             Mark@MarkLindquistLaw.com

4